UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BLUE CROSS BLUE SHIELD OF
MICHIGAN, a nonprofit mutual
insurance company,

      Case No. 21-cv-10076

     Plaintiff,

      Hon. _____

v.

BOND PHARMACY, INC. d/b/a
ADVANCED INFUSION SOLUTIONS,
a Mississippi corporation,

     Defendant.

_____

Scott R. Knapp (P61041)
Nolan J. Moody (P77959)
DICKINSON WRIGHT PLLC
Attorneys for Plaintiff
123 W. Allegan Street, Suite 900
Lansing, MI 48933-1739
(517) 371-1730
sknapp@dickinsonwright.com
nmoody@dickinsonwright.com

_____

## **COMPLAINT**

    Plaintiff Blue Cross Blue Shield of Michigan, by its attorneys, Dickinson

Wright PLLC, states the following for its Complaint against Defendant Bond

Pharmacy, Inc. d/b/a Advanced Infusion Solutions:

## PARTIES

1.     Plaintiff Blue Cross Blue Shield of Michigan ("BCBSM") is a nonprofit mutual insurance company headquartered at 600 East Lafayette Boulevard, Detroit, Michigan 48226.

2.     Defendant Bond Pharmacy, Inc. d/b/a Advanced Infusion Solutions ("AIS") is a Mississippi corporation, whose business address is 623 Highland Colony Parkway, Suite 100, Ridgeland, Mississippi 39157.  AIS's principal place of business is 18451 Dallas Parkway, Suite 125, Dallas, Texas 75287.

## JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction over this civil action because complete diversity exists between Plaintiff and Defendant under 28 U.S.C. § 1332(a), and the amount in controversy exceeds $75,000.

4.     This Court has personal jurisdiction over AIS because, among other things, it: (1) transacted business within Michigan; (2) caused an action to be done or consequences to occur in Michigan resulting in an action for tort; and/or (3) entered into a contract for services to be rendered or materials to be furnished in Michigan.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district.

## GENERAL ALLEGATIONS

6.     BCBSM is an independent licensee of Blue Cross Blue Shield
Association.  Located in downtown Detroit, BCBSM is a nonprofit organization that
provides and administers health benefits to more than 4.3 million members residing
in Michigan in addition to members of Michigan-headquartered groups who reside
outside the state.

7.     AIS is a home infusion therapy provider for intrathecal pain
management (i.e., pain management provided through pharmaceuticals administered
into the spine).  AIS holds itself out as a company that, among other things, can
provide pharmaceuticals, nursing visits, durable medical equipment, medical
supplies, and other solutions to patients that need home infusion therapy.

8.     On or about April 1, 2018, AIS and BCBSM entered into the Home
Infusion Therapy Facility Participation Agreement ("HITFPA").

9.     HITFPA incorporates by reference BCBSM's Provider Manual and its
Medical Policy (the HITFPA, Provider Manual, and Medical Policy are, together,
the "Agreement").  HITFPA at ¶ 1.1.

10.    Under the Agreement, BCBSM agreed to pay AIS, under appropriate
circumstances, for three components of home infusion therapy services that AIS may
provide to BCBSM's Members ("Covered Services"):    (1) pharmaceuticals;

3

(2) durable medical equipment, supplies, and solutions; and (3) nursing visits. HITFPA at Addendum C.

11.     Pursuant to the Agreement, when a BCBSM Member receives a Covered Service from AIS, AIS submits a claim to BCBSM for that Covered Service and, in turn, BCBSM pays AIS directly for Covered Services except for Copayment and Deductibles that are the responsibility of the Member.  HITFPA at ¶ 2.1.

12.     At issue in this lawsuit is AIS's claim submissions to BCBSM for payment for durable medical equipment, supplies, and solutions (the second component of Covered Services under Addendum C to the Agreement).

13.     The Medical Policy Procedure Code Nomenclature provides that billing code S9328 with regard to Home Infusion Therapy ("HIT") is used for "[HIT], implanted pump pain management infusion; administrative services, professional pharmacy services, care coordination, and all necessary supplies and equipment, (drugs and nursing visits coded separately), per diem."

14.     In other words, for AIS to submit claims to BCBSM for "durable medical equipment, supplies, and solutions," AIS must submit claims to BCBSM using billing code S9328.

15.     The Provider Manual further states that "[t]o qualify for an S code, in addition to dispensing medication [AIS] must provide ongoing services, such as: Medical supervision, [n]ursing, [p]atient or caregiver training, [and] [p]atient

4

support."   Provider Manual at 13 (Home Infusion Therapy Services at "HIT

services").

16.    The Provider Manual also outlines billing requirements for all HIT

services, and states that AIS must obtain a signed and dated certificate of medical

necessity ("CMN") "for each therapy category provided."   *Id.* at 17-19

(Documentation requirements for clinical records).

17.    The CMN must include all of the following information:

- Prescribing physician's name, address and telephone number

- Patient's full name, address, gender and birth date

- Detailed diagnosis related to the infusion therapy using standard billing guidelines

- Description of the patient's condition, detailed enough to substantiate the necessity of services or items

- Dosage, infusion time, fluids, frequency, and duration (start and stop dates [MM/DD/YY] of medication)

- Type or route of infusion administration, required equipment and supplies

- Estimated date of duration of need and frequency of use

- Nursing orders

- Physician's signature and date [*Id.*]

18.    In 2019, BCBSM initiated an investigation into AIS's use of the S9328 billing code after receiving complaints about AIS's billing practices.

19.    That investigation uncovered that AIS was using S9328 to submit claims to BCBSM in instances where AIS was selling the HIT pharmaceutical component to providers in Michigan (and submitting claims to BCBSM for that pharmaceutical component) but allowing those Michigan providers to oversee administration of the drug and otherwise manage the patient's care.

20.    That is, despite submitting claims to BCBSM using S9328 (in addition to the pharmaceutical code), AIS was *not* providing ongoing services such as medical supervision, nursing, patient or caregiver training, or patient support.

21.    To confirm these findings, on December 19, 2019, BCBSM placed AIS on a Pre-payment Utilization Review ("PPUR"), wherein BCBSM required that for every claim submitted by AIS, it needed to provide documentation to substantiate that claim.

22.    AIS failed to substantiate any of the claims that it submitted to BCBSM for billing code S9328 under the PPUR.

23.    Specifically, AIS failed to provide a CMN or other evidence supporting the dispensing of mediation or the providing of ongoing services such as patient care coordination, pharmacy consulting, or supplies.

24.     AIS provided to BCBSM only the medication prescriptions that it mailed to the overseeing provider, which is insufficient pursuant to the plain terms of the Agreement.

25.     For that reason, BCBSM refused to pay the claims that AIS failed to substantiate.

26.     BCBSM also reviewed a sample of 618 claims previously submitted by AIS to BCBSM using the billing code S9328.

27.     BCBSM's review determined that AIS failed to provide sufficient documentation for every claim that it submitted using S9328.

28.     In an October 16, 2020, response letter to BCBSM's request for evidence of medical necessity relative to AIS's claims using S9328, AIS admitted that "BCBSM [was] request[ing] documentation that it knows AIS cannot provide."

29.     In addition, when submitting claims for HIT services, AIS must "[e]nter the total number of days the patient infused for the therapy" because "S Codes are quantity-processed or quantity-paid," meaning BCBSM "pays them as many times as [AIS] indicate[s] they were performed …."  Provider Manual at 13-14 (Home Infusion Therapy Services at "HIT services").

30.     Further, "the per-diem [S9328] is payable only on days when the patient is receiving actual infusion of medications through intravenous or other authorized drug delivery routes of home infusion therapies."  HITFPA at Addendum C.

31.     AIS submitted claims to BCBSM for billing code S9328 on days when a patient did not receive an actual infusion of medications through intravenous or other authorized drug delivery routes of home infusion therapies.

32.     In its October 16, 2020, correspondence to BCBSM concerning the above claim disputes, AIS admitted that it was submitting claims to BCBSM for more than just the days that its patients were receiving actual infusions of medications:  "AIS charges a per diem for each day a given patient is provided access to a prescribed therapy, beginning with the day the therapy is initiated and ending with the day the therapy is discontinued.  So long as additional infusions are anticipated in the near future as prescribed in the physician plan of care, a patient need not receive a drug infusion each and every day for an existing per diem to apply."

33.     In total, BCBSM has paid AIS $6,406,792.13 for claims that it submitted with code S9328.

34.     By letter dated January 6, 2020, BCBSM terminated the Agreement with AIS.

## COUNT I – BREACH OF CONTRACT

35.     BCBSM incorporates the foregoing paragraphs as if fully stated here.

36.     The Agreement constitutes a binding and enforceable contract.

37.    The Agreement requires that for AIS to submit claims that qualify as an S code (such as S9328), then "in addition to dispensing medication [AIS] must provide ongoing services, such as: Medical supervision, [n]ursing, [p]atient or caregiver training, [and] [p]atient support."  Provider Manual at 13 (Home Infusion Therapy Services at "HIT services").

38.    AIS breached the Agreement by submitting claims to BCBSM using billing code S9328 in instances where AIS never provided ongoing services such as medical supervision, nursing, patient or caregiver training, or patient support.

39.    The Agreement requires AIS to obtain a signed and dated CMN for each therapy category provided.  *Id.* at 17-19 (Documentation requirements for clinical records).

40.    AIS breached the Agreement by submitting claims to BCBSM using billing code S9328 despite never obtaining the signed and dated CMN for each therapy category provided.

41.    The Agreement requires that when submitting claims to BCBSM for S9328, AIS must "[e]nter the total number of days the patient infused for the therapy" because "S Codes are quantity-processed or quantity-paid," meaning BCBSM "pays them as many times as [AIS] indicate[s] they were performed …."  Provider Manual at 13-14 (Home Infusion Therapy Services at "HIT services").

42.     Stated another way, the Agreement requires that "the per-diem [S9328] is payable only on days when the patient is receiving actual infusion of medications through intravenous or other authorized drug delivery routes of home infusion therapies."  HITFPA at Addendum C.

43.     AIS breached the Agreement by submitting claims to BCBSM using billing code S9328 on days when patients did not receive actual infusions of medications through intravenous or other authorized drug delivery routes of home infusion therapies.

44.     By breaching the Agreement, and causing BCBSM wrongfully to pay the S9328 claims, AIS caused BCBSM damages.

WHEREFORE, BCBSM respectfully requests that this Honorable Court enter judgment as to Count I in its favor and against AIS in an amount sufficient to compensate BCBSM for its actual losses, plus interest, costs, attorneys' fees, and such other and further relief as this Court deems just and equitable.

## COUNT II – VIOLATION OF THE
## MICHIGAN HEALTH CARE FALSE CLAIMS ACT

45.     BCBSM incorporates the foregoing paragraphs as if fully stated here.

46.     Pursuant to M.C.L. 752.1009: "A person who receives a health care benefit or payment from a health care corporation or health care insurer which the person knows that he or she is not entitled to receive or be paid; or a person who knowingly presents or causes to be presented a claim which contains a false

statement, shall be liable to the health care corporation or health care insurer for the full amount of the benefit or payment made."

47.    At all times relevant herein, AIS was a "person" within the meaning of M.C.L. 752.1002(i).

48.    At all times relevant herein, BCBSM was a "health care insurer" within the meaning of M.C.L. 752.1002(f).

49.    From April 1, 2018, to the time of the filing of this Complaint, AIS received health care benefits and/or payments from BCBSM that AIS knew it was not entitled to receive or be paid within the meaning of M.C.L. 752.1009.

50.    From April 1, 2018, to the time of the filing of this Complaint, AIS knowingly presented or caused to be presented claims that contained false statements within the meaning of M.C.L. 752.1009.

51.    To date, AIS has failed to repay BCBSM the amount it is owed as a result of AIS's violations of M.C.L. 752.1009.

52.    Pursuant to M.C.L. 752.1009, AIS is liable to BCBSM for the full amount of the benefits or payments made as a result of the false claims.

WHEREFORE, BCBSM respectfully requests that this Honorable Court enter judgment as to Count II in its favor and against AIS for the full amount of the claims paid by BCBSM, plus interest, costs, attorneys' fees, and such other and further relief as this Court deems just and equitable.

## COUNT III – FRAUDULENT MISREPRESENTATION

53.    BCBSM incorporates the foregoing paragraphs as if fully stated here.

54.    From April 1, 2018, to the time of the filing of this Complaint, AIS knowingly, or with a reckless disregard for the truth, made numerous false representations to BCBSM.

55.    In particular, from June 26, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 17 different occasions for Patient 1[1] totaling $18,813.75.

56.    From April 15, 2018, to June 20, 2019, AIS submitted claims to BCBSM using billing code S9328 on 16 different occasions for Patient 2 totaling $23,626.25.

57.    From November 16, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 9 different occasions for Patient 3 totaling $12,560.97.

58.    From May 1, 2018, to June 4, 2019, AIS submitted claims to BCBSM using billing code S9328 on 14 different occasions for Patient 4 totaling $22,452.33.

59.    From June 24, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 21 different occasions for Patient 5 totaling $20,782.63.

---

[1] The particular patients referenced herein are known to BCBSM, but their identities are being withheld due to patient privacy considerations under the Health Insurance Portability and Accountability Act (HIPAA).  Once a properly executed protective order is entered, BCBSM will disclose to AIS these patients' identities.

60.    From May 1, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 13 different occasions for Patient 6 totaling $21,258.71.

61.    From August 23, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 8 different occasions for Patient 7 totaling $10,464.91.

62.    From June 19, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 22 different occasions for Patient 8 totaling $21,740.30.

63.    From June 14, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 10 different occasions for Patient 9 totaling $15,875.64.

64.    From June 14, 2018, to May 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 16 different occasions for Patient 10 totaling $19,399.52.

65.    From April 1, 2018, to February 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 7 different occasions for Patient 11 totaling $12,161.43.

66.    From June 17, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 12 different occasions for Patient 12 totaling $19,937.11.

67.     From April 22, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 14 different occasions for Patient 13 totaling $20,736.17.

68.     From July 1, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 17 different occasions for Patient 14 totaling $20,267.51.

69.     From June 26, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 19 different occasions for Patient 15 totaling $22,580.31.

70.     From April 11, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 5 different occasions for Patient 16 totaling $5,432.67.

71.     From September 25, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 11 different occasions for Patient 17 totaling $14,057.11.

72.     From July 7, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 12 different occasions for Patient 18 totaling $15,594.55.

73.     From May 1, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 16 different occasions for Patient 19 totaling $22,786.52.

74.     From June 1, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 11 different occasions for Patient 20 totaling $19,210.23.

75.     From April 29, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 3 different occasions for Patient 21 totaling $4,225.41.

76.     From July 1, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 19 different occasions for Patient 22 totaling $21,512.14.

77.     From June 15, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 18 different occasions for Patient 23 totaling $22,456.02.

78.     From June 10, 2018, to June 20, 2019, AIS submitted claims to BCBSM using billing code S9328 on 14 different occasions for Patient 24 totaling $21,970.54.

79.     From June 10, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 18 different occasions for Patient 25 totaling $19,084.31.

80.     From June 15, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 12 different occasions for Patient 26 totaling $16,404.95.

81. From January 1, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 8 different occasions for Patient 27 totaling $12,139.67.

82. From June 22, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 4 different occasions for Patient 28 totaling $6,938.87.

83. From April 22, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 14 different occasions for Patient 29 totaling $19,047.20.

84. From July 26, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 12 different occasions for Patient 30 totaling $15,595.03.

85. From June 7, 2018, to July 26, 2018, AIS submitted claims to BCBSM using billing code S9328 on 4 different occasions for Patient 31 totaling $5,286.40.

86. From March 14, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 4 different occasions for Patient 32 totaling $5,858.75.

87. From April 26, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 20 different occasions for Patient 33 totaling $19,748.77.

88.     From June 1, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 15 different occasions for Patient 34 totaling $23,494.54.

89.     From July 26, 2018, to May 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 14 different occasions for Patient 35 totaling $16,849.29.

90.     From June 21, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 10 different occasions for Patient 36 totaling $14,044.06.

91.     From June 10, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 17 different occasions for Patient 37 totaling $21,310.42.

92.     On January 1, 2019, AIS submitted a claim to BCBSM using billing code S9328 on 1 occasion for Patient 38 totaling $1,401.64.

93.     From September 14, 2018, to June 4, 2019, AIS submitted claims to BCBSM using billing code S9328 on 2 different occasions for Patient 39 totaling $3,612.20.

94.     From March 27, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 4 different occasions for Patient 40 totaling $6,103.37.

95.     From January 1, 2019, to March 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 3 different occasions for Patient 41 totaling $5,563.94.

96.     From January 11, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 7 different occasions for Patient 42 totaling $7,444.77.

97.     From June 16, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 14 different occasions for Patient 43 totaling $19,413.70.

98.     From July 12, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 13 different occasions for Patient 44 totaling $13,329.33.

99.     From January 1, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 8 different occasions for Patient 45 totaling $10,988.42.

100.   From July 1, 2018, to June 20, 2019, AIS submitted claims to BCBSM using billing code S9328 on 11 different occasions for Patient 46 totaling $14,224.49.

101.   From January 1, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 9 different occasions for Patient 47 totaling $10,070.92.

102.   From May 2, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 3 different occasions for Patient 48 totaling $4,024.20.

103.   From February 28, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 5 different occasions for Patient 49 totaling $7,859.51.

104.   From January 1, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 7 different occasions for Patient 50 totaling $9,915.76.

105.   From June 8, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 21 different occasions for Patient 51 totaling $23,071.54.

106.   From November 6, 2018, to March 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 7 different occasions for Patient 52 totaling $5,482.37.

107.   From April 27, 2018, to March 6, 2019, AIS submitted claims to BCBSM using billing code S9328 on 12 different occasions for Patient 53 totaling $16,011.16.

108.   From May 17, 2019, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 2 different occasions for Patient 54 totaling $3,018.15.

109.   From June 24, 2018, to June 1, 2019, AIS submitted claims to BCBSM using billing code S9328 on 13 different occasions for Patient 55 totaling $16,285.56.

110.   By using billing code S9328, for each of those 618 submitted claims for Patients 1 through 55, AIS represented to BCBSM, among other things, that it had:  (1) provided Patients 1 through 55 with ongoing services such as medical supervision, nursing, patient or caregiver training, or patient support; (2) obtained a signed and dated CMN for each therapy category provided; and (3) only submitted claims to BCBSM for days when Patients 1 through 55 received actual infusions of medications through intravenous or other authorized drug delivery routes of home infusion therapies.

111.   In actuality, for each of the submitted claims for Patients 1 through 55, AIS *did not*:  (1) provide Patients 1 through 55 with ongoing services such as medical supervision, nursing, patient or caregiver training, or patient support; (2) obtain a signed and dated CMN for each therapy category provided; and (3) only submit claims to BCBSM for days when Patients 1 through 55 received actual infusions of medications through intravenous or other authorized drug delivery routes of home infusion therapies.

112.    When AIS made the aforementioned representations to BCBSM, AIS knew those representations were false, or recklessly disregarded their falsity.

113.    AIS made the aforementioned representations with the intention of inducing BCBSM to rely on them.

114.    BCBSM acted in reliance upon AIS's false representations, and suffered resulting injury, by paying AIS for the purported medical services that correspond to the use of billing code S9328.

115.    BCBSM believes that discovery will reveal further instances of fraud, similar or identical to those referenced above with regard to Patients 1 through 55.

WHEREFORE, BCBSM respectfully requests that this Honorable Court enter judgment as to Count III in its favor and against AIS in an amount sufficient to compensate BCBSM for its actual losses, plus interest, costs, attorneys' fees, and such other and further relief as this Court deems just and equitable.

Respectfully submitted,

*/s/ Nolan J. Moody*
Scott R. Knapp (P61041)
Nolan J. Moody (P77959)
DICKINSON WRIGHT PLLC
Attorneys for Plaintiff
123 W. Allegan Street, Suite 900
Lansing, MI 48933-1739
(517) 371-1730
sknapp@dickinsonwright.com
nmoody@dickinsonwright.com

Dated:  January 11, 2021