UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

        Case No. 21-cv-10076

    Plaintiff,

        Hon. Denise Page Hood

v.

        Magistrate Judge
BOND PHARMACY, INC. d/b/a    Kimberly G. Altman
ADVANCED INFUSION SOLUTIONS,

    Defendant.

| | |
|---|---|
| Scott R. Knapp (P61041) | I. W. Winsten (P30528) |
| Nolan J. Moody (P77959) | HONIGMAN LLP |
| DICKINSON WRIGHT PLLC | Attorneys for Defendant |
| Attorneys for Plaintiff | 660 Woodward Avenue |
| 123 W. Allegan Street, Suite 900 | Detroit, MI 48226-3506 |
| Lansing, MI 48933-1739 | (313) 465-7608 |
| (517) 371-1730 | iww@honigman.com |
| sknapp@dickinsonwright.com | |
| nmoody@dickinsonwright.com | Paul Werner |
| | Imad Matini |
| | Amanda Witt |
| | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | 2099 Pennsylvania Ave. NW, Ste. 100 |
| | Washington, D.C. 20006 |
| | (202) 747-1931 |
| | pwerner@sheppardmullin.com |
| | imatini@sheppardmullin.com |
| | awitt@sheppardmullin.com |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED MOTION TO DISMISS [ECF NO. 27]**

Plaintiff Blue Cross Blue Shield of Michigan ("BCBSM"), by its attorneys Dickinson Wright PLLC, moves this Court pursuant to FED. R. CIV. P. 7(b) and Local Rule 7.1(h)(2)(a) of the Eastern District of Michigan for reconsideration of this Court's December 7, 2022 Order Granting Motion for Leave to File an Amended Motion to Dismiss (the "Order").  ECF No. 27.

On December 1, 2022, Defendant Bond Pharmacy, Inc. d/b/a Advanced Infusion Solutions ("Defendant" or "AIS") filed a Motion for Leave to File an Amended Motion to Dismiss ("Defendant's Motion").  ECF No. 26.  Defendant argued to this Court:

> [S]ince moving to dismiss, AIS, Blue Cross & Blue Shield of Mississippi ("BCBSMS"), and the Blue Cross Blue Shield Association ("BCBSA") -- the parent entity of all BCBS associations -- have settled claims involving the *exact same* billing practices at issue in BCBSMI's Amended Complaint.  In doing so, BCBSMS and BCBSA publicly confirmed that AIS's billing practices complied with the parties' provider agreement....  These public admissions directly undermine and effectively bar all of BCBSMI's claims in this litigation....

Defendant's Motion, ECF No. 26; PageID.287 (emphasis in original).

On December 7, 2022, before BCBSM filed a brief in opposition to Defendant's Motion, and eight days before BCBSM's opposition brief was due to be filed, this Court -- presumably believing Defendant's representations to be true -- granted Defendant's Motion.  ECF No. 27.

BCBSM here seeks reconsideration of the Order because the entirety of Defendant's "factual" predicate for seeking leave is provably false. BCBSA is not BCBSM's parent; BCBSMS is not BCBSM's affiliate; the statements of BCBSA and BCBSMS thus cannot be imputed to BCBSM; and the issues in the referenced Mississippi case and those *sub judice* are not the same. As such, Defendant's Motion was granted upon entirely false statements, and an entirely false premise.

In support of this Motion, BCBSM relies upon and incorporates by reference the facts, arguments, and legal authority set forth in the accompanying Brief in Support, as well as the pleadings on file with the Court.

Pursuant to LR 7.1, concurrence in the instant relief was requested from opposing counsel on December 19, 2022, but Defendant declined.

WHEREFORE, BCBSM respectfully requests that this Court enter an Order granting this Motion, vacating the December 7, 2022 Order, denying Defendant's Motion for Leave, and awarding to BCBSM such other and further relief as the Court deems just and proper.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:/s/_____
   Scott R. Knapp (P61041)
   Nolan J. Moody (P77959)
DICKINSON WRIGHT PLLC
Attorneys for Plaintiff
123 W. Allegan Street, Suite 900

Lansing, MI 48933-1739
(517) 371-1730

Dated:  December 20, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

                                Case No. 21-cv-10076

     Plaintiff,

                                Hon. Denise Page Hood

v.

                                Magistrate Judge

BOND PHARMACY, INC. d/b/a
ADVANCED INFUSION SOLUTIONS,     Kimberly G. Altman

     Defendant.

| | |
|---|---|
| Scott R. Knapp (P61041) | I. W. Winsten (P30528) |
| Nolan J. Moody (P77959) | HONIGMAN LLP |
| DICKINSON WRIGHT PLLC | Attorneys for Defendant |
| Attorneys for Plaintiff | 660 Woodward Avenue |
| 123 W. Allegan Street, Suite 900 | Detroit, MI 48226-3506 |
| Lansing, MI 48933-1739 | (313) 465-7608 |
| (517) 371-1730 | iww@honigman.com |
| sknapp@dickinsonwright.com | |
| nmoody@dickinsonwright.com | Paul Werner |
| | Imad Matini |
| | Amanda Witt |
| | SHEPPARD, MULLIN, RICHTER & |
| | HAMPTON LLP |
| | 2099 Pennsylvania Ave. NW, Ste. 100 |
| | Washington, D.C. 20006 |
| | (202) 747-1931 |
| | pwerner@sheppardmullin.com |
| | imatini@sheppardmullin.com |
| | awitt@sheppardmullin.com |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION FOR
RECONSIDERATION OF ORDER GRANTING MOTION FOR LEAVE
TO FILE AN AMENDED MOTION TO DISMISS [ECF NO. 27]**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

COUNTER-STATEMENT OF ISSUE(S) PRESENTED ........................................ iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... iv

I.     INTRODUCTION ............................................................................ 1

II.    LEGAL ARGUMENT ....................................................................... 3

     A.    Reconsideration standard ....................................................... 3

     B.    The Court should reconsider its December 7, 2022 Order because the factual predicates of Defendant's Motion were entirely false, and this Court mistakenly believed them ...................... 3

     C.    The Court should order Defendant to show cause pursuant to Fed. R. Civ. P. 11(c)(3) ................................................... 7

III.   CONCLUSION ............................................................................. 8

i

# TABLE OF AUTHORITIES

**Cases**

*Acheampong v. Bank of N.Y. Mellon*,
   2013 WL 173472 (E.D. Mich. Jan. 16, 2013) ...................................................5

*Blue Cross Blue Shield of Ohio v. Blue Cross Blue Shield Ass'n.*,
   110 F.3d 318 (6th Cir. 1997) ...................................................5

*Central Benefits Mut. Ins. Co. v. Blue Cross and Blue Shield Ass'n.*,
   711 F. Supp. 1423 (S.D. Ohio 1989) ...................................................5

*Hubbard    v.    Blue    Cross    &    Blue    Shield    Ass'n.*,
   42 F.3d 942 (5th Cir. 1995) ...................................................5

**Statutes**

MCL 500.5825 ...................................................4

**Rules**

Fed. R. Civ. P. 11(b) ...................................................8

Fed. R. Civ. P. 11(b)(3) ................................................... iii, 2

Fed. R. Civ. P. 11(c)(3) ...................................................8

Fed. R. Civ. P. 12(b)(6) ...................................................5, 7

E.D. Mich. LR 7.1(h)(2) ...................................................3

E.D. Mich. LR 7.1(h)(2)(a) ................................................... iv, 3, 7

## COUNTER-STATEMENT OF ISSUE(S) PRESENTED

I.    Where Defendant made false representations to the Court in Defendant's Motion for Leave to Amend; where those false representations were the sole bases for seeking leave; where BCBSM was not previously provided the opportunity to alert the Court to such falsehoods; and where Defendant thus caused the Court to make a mistake in granting Defendant's Motion; should the Court reconsider its Order granting that Motion?

Plaintiff answers:               Yes

Defendant answers:            No

The Court should answer:     Yes

II.   Where Defendant made false representations of fact to the Court, and without even attempting to provide evidentiary support, all in violation of Fed. R. Civ. P. 11(b)(3), should this Court, on its own initiative, order Defendant and/or its counsel to show cause under Rule 11(c)(3)?

Plaintiff answers:               Yes

Defendant answers:            No

The Court should answer:     Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

In support of its Motion for Reconsideration, Plaintiff Blue Cross Blue Shield of Michigan relies on E.D. Mich. LR 7.1(h)(2)(a), and the law, arguments, and authorities set forth in its Brief in Support of Its Motion for Reconsideration.

## I.    INTRODUCTION

On December 1, 2022, Defendant Bond Pharmacy Inc. d/b/a Advanced Infusion Solutions ("Defendant" or "AIS") filed a Motion for Leave to File an Amended Motion to Dismiss ("Defendant's Motion").  Defendant told this Court that it wished to amend its prior motion to dismiss because "Plaintiff's subsequent public admissions further support dismissal."  Defendant's Motion, Statement of Issue Presented, ECF No. 26; PageID.285.

But in its supporting brief, Defendant reveals that "Plaintiff," i.e. BCBSM, did not, in fact, make any public admissions.  Instead, the "admissions" were made by different entities, as part of the settlement of a different case pending in Mississippi (the "Mississippi Litigation").  Defendant told the Court that the billing practices at issue in that Mississippi Litigation were exactly the same as those raised here, and advised this Court -- without citation to *anything* -- that the Blue Cross Blue Shield Association ("BCBSA") is "the parent entity of all BCBS associations."  *Id*. at PageID.287.

None of that is true.  BCBSA is not BCBSM's parent, and Blue Cross & Blue Shield of Mississippi ("BCBSMS") -- the other party to the Mississippi Litigation settlement statement -- is not an affiliate of BCBSM.  Thus, whatever statements those parties made with regard to the settlement of the Mississippi Litigation cannot under any legal theory be imputed to BCBSM.  But moreover,

1

the billing issues in the Mississippi Litigation and this one are not "exactly the same" because the material contractual terms are very different.

This Court granted Defendant's Motion, before BCBSM had the opportunity to oppose it, presumably because it believed Defendant's representations.  As set forth below, all of those representations are false, and this Court was thus caused to make a mistake in granting Defendant's Motion.

This Court should, respectfully, grant this motion for reconsideration, and deny Defendant's Motion for Leave.  This Court should also order Defendant to show cause for its flagrant flouting of Rule 11.

## II.   LEGAL ARGUMENT

### A.   Reconsideration standard

Local Rule 7.1(h)(2)(a) of the Eastern District of Michigan provides that a motion for reconsideration may be granted if "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2).

### B.   The Court should reconsider its December 7, 2022 Order because the factual predicates of Defendant's Motion were entirely false, and this Court mistakenly believed them

On December 1, 2022, Defendant filed its Motion for Leave to File an Amended Motion to Dismiss ("Defendant's Motion").  ECF No. 26.  Defendant argued to this Court:

> [S]ince moving to dismiss, AIS, Blue Cross & Blue Shield of Mississippi ("BCBSMS"), and the Blue Cross Blue Shield Association ("BCBSA") -- the parent entity of all BCBS associations -- have settled claims involving the *exact same* billing practices at issue in BCBSMI's Amended Complaint.  In doing so, BCBSMS and BCBSA publicly confirmed that AIS's billing practices complied with the parties' provider agreement….  These public admissions directly undermine and effectively bar all of BCBSMI's claims in this litigation….

Defendant's Motion, ECF No. 26; PageID.287 (emphasis in original); *id.* at PageID.290 ("The Mississippi Litigation involved the exact same billing practice

3

at issue in this litigation, and the public admissions by BCBSMS and BCBSA -- as the overarching BCBS entity -- support dismissal of BCBSMI's claims").

On December 7, 2022, before Plaintiff Blue Cross Blue Shield of Michigan ("BCBSM") filed a brief in opposition to Defendant's Motion, and eight days before BCBSM's opposition brief was due to be filed, this Court -- presumably believing Defendant's representations to be true -- issued an order granting Defendant's Motion (the "Order").  ECF No. 27.

This Court should grant BCBSM's motion, and reconsider the Order because the entirety of Defendant's "factual" predicate for seeking leave is provably false. First, BCBSA is not BCBSM's parent; and BCBSMS is not BCBSM's affiliate. *See* Declaration of Liz Irick, attached here as Ex. 1, at ¶¶ 3-4 ("BCBSM is a nonprofit mutual insurance company, without shareholders, and it has no parent company.  That is, neither the Blue Cross Blue Shield Association ('BCBSA'), nor any other entity is BCBSM's parent.   Neither Blue Cross Blue Shield of Mississippi, nor Advanced Health Systems, Inc. [the defendants in the Mississippi Litigation] is an affiliate of BCBSM"); MCL 500.5825 (authorizing BCBSM as a nonprofit mutual insurer without shareholders or parent corporation and, because it has no shareholders or parent, requiring payment upon sale or dissolution of BCBSM "for the benefit of the people of this state to the Michigan health endowment fund"); see also *Blue Cross Blue Shield of Ohio v. Blue Cross Blue*

4

*Shield Ass'n.*, 110 F.3d 318, 320 (6th Cir. 1997) (in trademark infringement suit between BCBS of Ohio and BCBSA, recognizing that BCBS plans are "independent insurance companies" that license Blues marks from the Association); *Hubbard v. Blue Cross & Blue Shield Ass'n.*, 42 F.3d 942, 944 n. 4 (5th Cir. 1995) ("The insurer, Blue Cross of Texas, and the defendant-appellee, Blue Cross and Blue Shield Association, are separate legal entities despite their similar names"); *Central Benefits Mut. Ins. Co. v. Blue Cross and Blue Shield Ass'n.*, 711 F. Supp. 1423, 1424-1425 (S.D. Ohio 1989) (Blues plans are "separate and autonomous health insurance companies located throughout the United States"). Because Defendant's assertions of fact are false, and the parties to the Mississippi Litigation are unrelated to BCBSM, there thus exists no legal or factual basis to somehow impute to BCBSM the statements of BCBSA and BCBSMS.[1]

---

[1] Defendant cites *Acheampong v. Bank of N.Y. Mellon*, 2013 WL 173472 (E.D. Mich. Jan. 16, 2013), disingenuously asserting that the court in that case dismissed "plaintiff's breach claim based on public admission that the parties did not enter an enforceable contract." Defendant's Motion, ECF No. 26; PageID.290. The *Acheampong* court did dismiss plaintiff's breach of contract claim, but did so because an exhibit to *plaintiff's own complaint* showed that "his first payment was not timely." *Acheampong*, 2013 WL 173472, *9. A writing attached to a plaintiff's own complaint -- something that *can* be considered in a Rule 12(b)(6) motion -- and a statement by unrelated parties in a different litigation (which *cannot* be considered in a Rule 12(b)(6) motion) are not the same thing. Defendant provides no authority for the proposition that the unrelated entities' statements in the Mississippi Litigation can be imputed to BCBSM and/or that they have any relevance, particularly in the context of a Rule 12(b)(6) motion.

5

Moreover, even if those statements by unrelated entities could be imputed to BCBSM (they absolutely cannot), the issues in the Mississippi Litigation and those *sub judice* are not the same.  To be sure, both cases involve Defendant's use of Code S9328.  *See* Defendant's Motion, ECF No. 26; PageID.289; BCBSM's First Amended Complaint ("FAC"), ECF No. 16; PageID.130.  And "BCBSMS and BCBSA publicly confirmed that AIS's billing practices complied with the parties' provider agreement."  Defendant's Motion, ECF No. 26; PageID.287.  But the terms of that provider agreement in the Mississippi Litigation are materially different than the terms of the BCBSM/AIS contract being litigated in this Court.

As but only one (but crucial) example, and unlike in the Mississippi Litigation, the Participation Agreement in *this case* expressly incorporates BCBSM's Provider Manual and its Medical Policy.  *See* FAC, ECF No. 16 at ¶ 9; PageID.128.  The BCBSM Provider Manual, in turn, states that "[t]o qualify for an S code, in addition to dispensing medication [AIS] **must provide ongoing services**."  *Id*. at ¶ 17; PageID.130 (emphasis added).  And BCBSM alleged that "AIS breached the Agreement by submitting claims to BCBSM using billing code S9328 in instances where AIS **provided no ongoing services**."  *Id*. at ¶ 40; PageID.135 (emphasis added).  No such "must provide ongoing services" provision exists in the Mississippi Litigation contract.  So while BCBSM is unaware as to what went into resolution of the Mississippi Litigation, whether AIS

6

did or didn't comply with the (different) Blue Cross Mississippi contract has zero relevance here.

In sum, Defendant's assertion that BCBSA is BCBSM's parent is false, as is Defendant's assertion that the claims in this case and the Mississippi Litigation are "carbon copies" and the "exact same." Defendant's Motion, ECF No. 26; PageID.287 and 291. When the falsities are stripped away, Defendant convinced this Court to allow Defendant to amend its motion to dismiss so that it could argue the import of a statement made by unrelated parties in reference to a materially different contract -- facts that this Court cannot consider in any event in the context of a Rule 12(b)(6) motion (because they are not contained within the FAC).

Defendant's Motion was granted upon false statements, and false premises. Defendant's false statements caused the Court to make a mistake. And upon correcting that mistake -- thus eviscerating the only grounds given by Defendant to support its Motion -- the outcome of Defendant's Motion must, respectfully, change. *See* L.R. 7.1(h)(2)(a).

### C.   The Court should order Defendant to show cause pursuant to Fed. R. Civ. P. 11(c)(3)

In its Motion, and as the sole ostensible basis for the requested relief, Defendant twice asserts that BCBSA is the parent company of BCBSM, and that BCBSMS is an affiliate (with the same parent). *See* Defendant's Motion, ECF No.

26; PageID.287 and 290.   But nowhere in its Motion does Defendant cite to anything to support those contentions (because the contentions are unsupportable).

Under Fed. R. Civ. P. 11(b), Defendant and its counsel certified that within its Motion, the "legal contentions are warranted," and "the factual contentions have evidentiary support."  As set forth above, neither is here true.

Under Rule 11(c)(3), this Court "may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  BCBSM respectfully suggests that the Court should invoke the Rule, and order Defendant and/or its counsel to show cause as to the false representations contained within Defendant's Motion.

### III.   CONCLUSION

For the foregoing reasons, BCBSM respectfully requests that this Court grant this Motion, vacate the December 7, 2022 Order [ECF No. 27], deny Defendant's Motion for Leave [ECF No. 26], and award to BCBSM such other and further relief as the Court deems just and proper.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:/s/_____
   Scott R. Knapp (P61041)
   Nolan J. Moody (P77959)
DICKINSON WRIGHT PLLC
Attorneys for Plaintiff
123 W. Allegan Street, Suite 900
Lansing, MI 48933-1739

(517) 371-1730

Dated:  December 20, 2022

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 20, 2022 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

/s/_____
Scott R. Knapp (P61041)
DICKINSON WRIGHT PLLC
Attorneys for Plaintiff
123 W. Allegan Street, Suite 900
Lansing, MI 48933-1739
(517) 371-1730

4877-3899-2452 v1 [19276-419]