# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| **BLUE CROSS BLUE SHIELD OF MICHIGAN**, a nonprofit mutual insurance company,<br><br>        Plaintiff-Counter Defendant,<br><br>v.<br><br>**BOND PHARMACY, INC., D/B/A ADVANCED INFUSION SOLUTIONS**, a Mississippi corporation,<br><br>        Defendant-Counterclaimant. | Case No.: 2:21CV10076<br><br>**District Judge Denise Page Hood**<br><br>**Magistrate Judge Kimberly G. Altman** |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff-Counter Defendant Blue Cross Blue Shield of Michigan ("BCBSM") and Defendant-Counterclaimant Bond Pharmacy, Inc. d/b/a Advanced Infusion Solutions ("AIS") through their undersigned counsel (collectively the "Parties"), consider certain information and documents in their possession to be confidential and proprietary, including, *inter alia*, sensitive financial, commercial, business, personal and medical information and, therefore, desire that a protective order limiting the use, access to and disclosure of such information and documents be entered, and the Court being otherwise fully informed;

**IT IS HEREBY ORDERED** that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the production and use of documents and information produced or made available in this matter shall proceed in accordance with the following terms:

**Scope of Protection**

1. This Order shall govern all information adduced in this action, including but not limited to discovery requests, any documents or materials produced in response to discovery requests, deposition and trial testimony (whether based upon oral examination or written questions), and any other information that a producing party may designate in connection with this action (collectively referred to as "Discovery Material").

2. This Order shall apply to the Parties, their representatives, agents, experts, and consultants, as well as any non-parties producing Discovery Materials in this lawsuit that agree in writing to be bound by the terms of this Order.

3. This Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R.

§§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). This Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

### Confidentiality

4. *Confidential Information.* "Confidential Information" means information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a request and/ or response to an interrogatory or request for admission, or any other form of evidence or discovery contemplated under the Federal Rules which (1) is designated as "Confidential" by the producing party, and (2) which, in the good faith belief of the producing party contains (i) private health or personal information protected from disclosure under HIPAA and/or any other state or federal legislation, (ii) financial or tax information, (iii) confidential or proprietary research, development, design, construction, commercial, or business information that would not normally be revealed to the public, and/or (iv) trade secrets. In designating information as Confidential Information, the producing party shall make such a designation only as to the material or portion of the Discovery Material that the producing party, in good faith, believes contains Confidential Information. All Discovery Material that is

designated "Confidential" shall be used for purposes of this action and for no other purposes, except as set forth within this Order.

5. *Attorneys Eyes Only Information.* The "Attorney Eyes Only" designation is only permissible if the material so designated is of a particularly sensitive nature that the opposing party's knowledge of it has a reasonable potential to cause significant harm to the designating party or a third-party. A requesting party may challenge the designation of a document as "Attorney Eyes Only" pursuant to paragraph 11 below. Counsel shall not disclose or permit the disclosure of any information designated as "Attorney's Eyes Only" under this Order to any other person or entity, except in the following circumstances:

 a. Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal) in connection with this action, provided that, if the disclosure is made as part of a court filing, the "Attorneys Eyes Only" designated Information shall be filed under seal or appropriately redacted;

 b. Disclosure may be made to court reporters used in connection with this action, as necessary for bona fide purposes related to this action;

 c. Disclosure may be made to any person who (1) wrote, possessed, or received a copy of information designated "Attorneys Eyes Only" before it was furnished in this action; or (2) was present or participated

4

in a meeting or discussion of the protected information before it was furnished in this action;

    d.    Disclosure may be made to any mediators, assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this action; and

    e.    Disclosure may be made to employees of outside copying, document imaging, and facsimiled services used in connection with this action.

6.    *Process of Designation.* All Confidential Information must be designated in the following manner, as applicable:

    a.    *Documents*. Documents designated as "Confidential" or "Attorneys Eyes Only" or shall be so identified by the producing party marking each page of the document as "Confidential" or "Attorneys Eyes Only" or by issuing some other conspicuous notice identifying the material as "Confidential" or "Attorneys Eyes Only" (such as by letter setting forth the bates numbers or ranges or otherwise describing with particularity the documents to be treated as "Confidential" or "Attorneys Eyes Only." If a receiving party wishes to designate documents produced by another party or a non-party as "Confidential" or "Attorneys Eyes Only" the receiving party shall have a reasonable opportunity to request

5

that the party or non-party who has control of the documents at issue make such designation.

b. *Designation of Other Discovery Material.* Discovery Material designated as "Confidential" or "Attorneys Eyes Only" that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated by the producing party in a writing provided to the receiving party at the time of production.

c. *Testimony or Deposition.* Testimony or information disclosed at a deposition may be designated as "Confidential" or "Attorneys Eyes Only" by indicating on the record at the deposition the specific testimony which shall be designated "Confidential" or "Attorneys Eyes Only." Alternatively, deposition testimony may be designated as "Confidential" or "Attorneys Eyes Only" by so advising the other parties in writing of the portions of the transcript that shall be treated as "Confidential" or "Attorneys Eyes Only" within 15 days after the deposition transcript is prepared. Until the end of this 15-day period (or until an earlier designation is made by counsel) the entire deposition shall be treated as if designated "Confidential."

7. *Production Without Designation.* If a party, through inadvertence or otherwise, produces any Discovery Material that the party believes should be

designated "Confidential" or "Attorneys Eyes Only" without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order ("Mis-designated Material"), such production shall not be deemed a waiver of the producing party's later claim that such Mis-designated Material should be designated "Confidential" or "Attorneys Eyes Only." The producing party may give written notice to the receiving party that the Mis-designated Material is designated "Confidential" or "Attorneys Eyes Only" and should be treated as such in accordance with the provisions of this Order. The receiving party must treat the Mis-designated Material as "Confidential" or "Attorneys Eyes Only" from the date such notice is received, unless the receiving party can demonstrate that the Mis-designated Material does not qualify as "Confidential" under paragraph 4 of this Order. Prior to the receipt of such notice, disclosure of Mis-designated Material to persons not authorized to receive Confidential Information shall not be deemed a violation of this Order, nor shall it cause such information, otherwise "Confidential" under this Order, to no longer qualify for such designation. Upon the producing party's identification of Mis-designated Material to the receiving party, arrangements will be made for the destruction of the Mis-designated Material or for the return to the producing party of all copies of the Mis-designated Material and for the substitution, where appropriate, of properly designated copies of Discovery Material. Upon receipt of replacement copies of the Mis-designated Material with

the proper designation, the receiving party shall take all reasonable steps to return or destroy all previously produced copies of the Mis-designated Material. If requested by the producing party, a receiving party shall verify in writing that it has taken all reasonable steps to return or destroy Mis-designated Material.

8. *Unauthorized Disclosure of Confidential Information.* In the event of a disclosure by a receiving party of Confidential Information to persons or entities not authorized by this Order to receive such information, the receiving party making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Information subject to this Order; (ii) immediately make reasonable efforts to recover the disclosed Confidential Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) immediately notify the producing party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Information and ensure against further dissemination or use thereof. Disclosure of Confidential Information other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

9. *Permitted Disclosure of Confidential Information.* Counsel and others shall not disclose or permit the disclosure of Confidential Information under this Order to any other person or entity, except in the following circumstances:

   a. Disclosure may be made to employees of counsel who have direct functional responsibility for assisting in the preparation and trial of this action or any related appeal, including paralegal, secretarial, and clerical employees. Any employee to whom disclosure is made shall be advised of, and shall become subject to, the terms of this Order;

   b. Disclosure may be made to consultants or experts employed by counsel to assist in the preparation and trial of this action or any related appeal, but any such consultants or experts to whom Confidential Information is disclosed must agree in writing to be bound by the terms of this Order;

   c. Disclosure may be made to employees of the parties to the extent required for assisting in the preparation and trial of this action or any related appeal;

   d. Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal) and jurors in connection with this action, provided that, if the disclosure is made as part of a court filing, the Confidential Information shall be filed under seal or appropriately redacted;

e. Disclosure may be made to court reporters used in connection with this action, as necessary for bona fide purposes related to this action;

f. Disclosure may be made to any person who wrote, possessed, viewed or received a copy of information designated "Confidential" before it was furnished in this action;

g. Disclosure may be made to any mediators and employees of such mediators who are actively engaged in assisting the mediators in connection with this action or was present or participated in a meeting or discussion of the protected information before it was furnished in this action;

h. Disclosure may be made to any mediators, assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this action;

i. Disclosure may be made to employees of copying, microfilming, document imaging, facsimile, and other services engaged to reproduce Discovery Material in connection with this action; and

j. Disclosure may be made to trial or hearing witnesses or deponents in the course of this action as necessary for bona fide purposes related to the witness's or deponent's testimony, and after the person to whom

such disclosure is made has been informed of the Order and has agreed in writing to be bound by it.

    k.    Disclosure may be made to those present officers, directors, partners, members, employees, agents, assignees, designees and consultants that counsel for such parties deems necessary to aid counsel in the prosecution and defense of this action, and after the person to whom such disclosure is made has been informed of the Order and has agreed in writing to be bound by it.

10. Any person having access to Discovery Material designated "Confidential" under this Order, including consultants and experts, shall not make copies, extracts, summaries, or descriptions of such Discovery Material or any portion thereof, except as necessary for the preparation and trial of this action.

11. *Challenges to Designations.* The parties shall have the right to dispute the "Confidential" or "Attorneys Eyes Only" designation claimed by any other party in accordance with this Order. If a receiving party believes that any documents or materials have been inappropriately designated by a producing party, the receiving party shall confer in good faith with counsel for the producing party. As part of that conferral, the producing party must assess whether redaction is a viable alternative to complete nondisclosure. If the parties are unable to resolve the matter informally, either party may file the appropriate motion seeking relief from the Court.

Regardless of which party files the motion, the party seeking to prevent the disclosure bears the burden of establishing good cause for non-disclosure. Information claimed to be "Confidential" or "Attorneys Eyes Only" that is subject to a dispute as to proper designation shall, until further order of the Court, be treated in accordance with the provisions of this Order pursuant to its designation as "Confidential" or "Attorneys Eyes Only." In this circumstance, a producing party's designation of the Discovery Material shall be controlling unless otherwise determined by the Court. In the event a motion to challenge a producing party's designation of Discovery Material as "Confidential" or "Attorneys Eyes Only" is pursued, it and the accompanying materials shall be filed under seal, and the confidentiality of such information shall remain protected until the Court shall order otherwise. The parties shall attempt to resolve any such challenge by agreement prior to filing such a motion. A party is not obligated to challenge the propriety of any "Confidential" or "Attorneys Eyes Only" designation at the time of production or, in the case of Mis-designated Material, at the time of designation, and failure to do so shall not preclude a subsequent challenge thereto or constitute an admission that such designation was proper.

12. *Limited Use.* Use of Confidential Information produced in this action shall be limited to this action.

13. *Trial Procedures.* A determination as to when and what special procedures, if any, are necessary for handling Discovery Material designated "Confidential" or "Attorneys Eyes Only" subject to this Order at trial shall be deferred until a trial date has been set in this case. Nothing contained in this Order, however, shall preclude either party from attempting to use any Discovery Material designated "Confidential" or "Attorneys Eyes Only" as evidence should this matter proceed to trial, subject to any confidentiality protections that the Court may direct. Notwithstanding, the exhibits, whether in a hearing or at trial, labeled "Confidential" or "Attorneys Eyes Only" shall not be required to be in an envelope unless explicitly agreed by the parties or ordered by the Court.

14. *Return of Confidential or "Attorneys Eyes Only" Information.* Within 60 days following the conclusion of this action (including any appeals, if applicable), all copies of Discovery Material designated "Confidential" or "Attorneys Eyes Only" will be destroyed or returned to the party who produced them. Counsel for each party shall, if requested by the other party, provide a certificate or other writing confirming compliance with the foregoing provision. In addition, any copies of such Discovery Material designated "Confidential" or "Attorneys Eyes Only" that are offered or admitted into evidence during this action will be maintained under seal in the Court file or returned to the producing party. Counsel for each party shall be

entitled to retain all pleadings, motion papers, discovery responses, deposition transcripts, legal memoranda, correspondence, and work product.

15. *No Waiver or Obligation to Object to Production.* Nothing contained in this Order shall be construed to require production of Confidential Information which is privileged or otherwise protected from discovery or which is not responsive to a discovery request. In addition, nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any discovery request, nor as a waiver by any party of its obligation to fulfill its discovery obligations under the Federal Rules. The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any applicable privilege.

16. *Non-Waiver of Privileged Material.* Any production—whether inadvertent or otherwise—of privileged or work-product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work-product doctrine, or any other applicable privilege). This Order shall be interpreted to provide the maximum protections for privileged material allowed by Federal Rule of Evidence 502.

17. This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto indefinitely as to any dispute between any of them regarding improper use of Discovery Material pursuant to this Order.

18. This Order is without prejudice to the right of any party, or an interested non-party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional limitations or restrictions on the disclosure of any Discovery Material produced. Any producing party shall have the right (knowingly, intentionally, and voluntarily) to waive all or part of the protections hereunder.

SO ORDERED:

Dated: August 8, 2024

s/Denise Page Hood
United States District Judge

**SO STIPULATED AND AGREED:**

| | |
|---|---|
| */s/ Nolan J. Moody* <br> *(signed with permission)* <br> Nolan J. Moody (P77959) <br> Scott R. Knapp (P61041) <br> DICKINSON WRIGHT PLLC <br> 123 W. Allegan Street, Suite 900 <br> Lansing, MI 48933-1739 <br> (517) 371-1730 <br> sknapp@dickinsonwright.com <br> nmoody@dickinsonwright.com <br><br> *Attorneys for Plaintiff-Counter Defendant* | */s/ Jonathan A. Rabin* <br> Jonathan A. Rabin <br> Larry R. Jensen <br> Hall, Render, Killian, Heath & Lyman, P.C. <br> 101 W. Big Beaver Road, Suite 745 <br> Troy, MI 48084 <br> Telephone: (218) 457-7850 <br> JRabin@hallrender.com <br> ljensen@hallrender.com <br><br> Paul Werner <br> Imad Matini <br> Hannah J. Wigger <br> Sheppard, Mullin, Richter & Hampton LLP <br> 2099 Pennsylvania Ave., NW, Ste 100 <br> Washington, D.C. 20006-6801 <br> Telephone: (202) 747-1900 <br> pwerner@sheppardmullin.com <br> imatini@sheppardmullin.com <br> hwigger@sheppardmullin.com <br><br> *Attorneys for Defendant-Counterclaimant* |